UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SA CV 12-0463-DOC-(MLGx)            Date: January 3, 2013

Title: NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA v. FIRST ONE LENDING CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): PLAINTIFF'S MOTION TO ALTER SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

      Before the Court is Plaintiff Neighborhood Assistance Corporation of America's Motion to Alter Scheduling Order and For Leave to File Second Amended Complaint (Dkt. 67), along with Defendants' Opposition (Dkt. 73) and Plaintiff's Reply (Dkt. 75). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After consideration of all moving papers, the Court GRANTS Plaintiff's Motion.

**I. Background**

      The underlying facts of this case are well-known to the parties and are summarized in previous orders of this Court. *See, e.g.,* Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Preliminary Injunction (Dkt. 41). In brief, Plaintiff (NACA) is a national non-profit corporation that offers free assistance to homeowners seeking housing counseling and mortgage-related services. Plaintiff brought suit based on allegations that defendant corporation First One Lending and individual defendants John Vescera, Bill Mariner, and Randa El-Farra illegally misled homeowners into believing that First One was affiliated with NACA, then charged homeowners fees for services provided by NACA for free. Pursuant to this Court's Scheduling Order, the deadline for amending pleadings was October 7, 2012. *See* Scheduling Order (Dkt. 49).

## II. Discussion

Plaintiff's motion seeks leave to amend its First Amended Complaint (FAC) (Dkt. 53) to add alter ego allegations against Defendant John Vescera. A party seeking to amend a pleading after a date specified in scheduling order "must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citations omitted).

### a. Rule 16(b)

Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citing Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D.Ind.1990); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence)).

Here, there is good cause to amend the Court's scheduling order, since Plaintiff only became aware of facts suggesting alter ego liability existed after November 13, 2012, when corporate defendant First One produced bank statements (requested by Plaintiff on June 8, 2012) allegedly showing that individual defendant Vescera was using First One's corporate structure to serve his personal interests and pay his personal debts. *See* Pl's Mot. at 4-5. Courts have found that seeking to amend a complaint based on facts uncovered during discovery provides good cause to seek leave to amend. *See Nucal Foods, Inc. v. Quality Egg LLC*, 2012 U.S. Dist. LEXIS 10067 (E.D. Cal. 2012) ("Because plaintiff moves to amend [its] complaint based on facts uncovered during discovery, the court finds that plaintiff has good cause to seek leave to amend. Plaintiff could not have exercised a greater degree of diligence in order to amend at an earlier state in litigation." (internal citations omitted)). It is clear to the Court that the deadline for amending pleadings could not be met "despite the diligence of" Plaintiff, since Plaintiff could only amend the pleading after learning of specific financial facts necessary to suggest that a claim for alter ego liability against Vescera existed. *See Johnson*, 975 F.2d at 609.

### b. Rule 15

Since good cause exists to amend the scheduling order, the Court turns to its Rule 15 analysis. A Rule 15 policy favoring amendments "is applied liberally" by the Ninth Circuit. *Johnson*, 975 F.2d at 607 (citing *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-87 (9th Cir.1987)). After responsive pleadings have been filed, as is the case here, permission to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.*

   Here, the Court finds that none of the Ninth Circuit's grounds for denying leave to amend apply. First, the addition of an alter ego claim would not cause prejudice to the Defendants, since it would not result in significant additional discovery, nor would it affect the scheduled trial date. Because Vescera is already a party to this action, and his profits have always been an issue relevant to the Lanham Act claims against him, an alter ego claim would not expand the scope of the litigation or widen the scope of the case. The Court finds that no undue burden would be placed on Defendants.

   Second, Plaintiff's motion has not been brought in bad faith. As discussed in the Rule 16 section of this order, Plaintiff could not have known about Vescera's use of First One's checking account to pay his personal bills until it reviewed bank statements that were produced five months after they were requested, after the October 7, 2012, deadline to amend the complaint as set in the scheduling order. Plaintiff requested that the Defendants stipulate to the Second Amended Complaint as soon as it had reviewed the documents upon which the amendment is based, and the refusal of Plaintiff's request led to this timely-brought motion.

   Third, Plaintiff's motion is not futile. The proposed Second Amended Complaint (SAC) specifically alleges a unity of interest and ownership between First One and Vescera, such that the separate personalities of the two do not exist, and alleges that there will be an inequitable result if the acts in question are treated as those of First One alone. The SAC contains facts revealed during discovery supporting the lack of separate personalities between First One and Vescera, including various examples of Vescera using First One's bank account to pay his personal bills, as well as First One's failure to recognize corporate formalities by keeping appropriate records. The SAC also includes general allegations that equity requires piercing the corporate veil as well as factual allegations that show there will be an inequitable result if the acts in question are treated as those of First One alone. *See, e.g.*, McNamara Decl., Ex. A (SAC) at ¶¶ 7, 22, 46, 60, and p. 26 at ¶ 2. The SAC specifically alleges that both First One and Vescera participated in fraudulent conduct in violation of the Lanham Act, and asks for disgorgement of First One's profits. As Plaintiff rightly points out, if profits were funneled from First One to Vescera, and those funds are not accessible because the corporate veil has not been pierced, the result would be inequitable. *See* Pl's Reply at 6-7.

   Defendants argue that the Motion to Amend should be denied because Plaintiff failed to allege that "if the acts are treated as those of the corporation alone, an inequitable result will follow," citing to *Wady v. Provident Life & Accident Insurance Company of America*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002). This authority is inapposite. In *Wady,* the court stated that it would have been inclined to allow the plaintiff to amend her complaint to allege the alter ego theory before entering summary judgment, and only did not because it found the alter ego argument to be futile on the merits. *Id.* at 1067-1068. Here, Plaintiff's alter ego claim is not futile. Defendants argue that Plaintiff has failed to show that it suffered any monetary damages, and therefore there is no evidence that any injustice would result if corporate separateness is upheld. However, Plaintiff does not need to show that it suffered monetary damages in order to recover profits from First One and Vescera. Under the Lanham Act, Plaintiff is entitled to Defendant's profits. 15 U.S.C. § 1117; *see also Skydive Ariz., Inc. v. Quattrocchi*,

673 F.3d 1105, 1111 (2012) (jury awarded the plaintiff lost profits based on testimony from an expert witness, separate from any actual damages suffered). In addition, Plaintiff has sufficiently plead damages to its name and reputation, since Defendants allegedly led customers to believe that NACA and First One were affiliated, and were charged for services by First One that NACA provides at no cost.

Finally, Plaintiff's proposed amendment would not create undue delay. Since issues of Vescera's finances and First One's finances have always been relevant to the case, the addition of an alter ego claim would not affect the current discovery deadlines or trial date.

Accordingly, Plaintiff's motion is GRANTED and Plaintiff will file its Second Amended Complaint by January 21, 2013.

The Clerk shall serve this minute order on all parties to the action.