**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. SA CV 12-0463-DOC-MLGx                                         Date: January 29, 2013

Title: NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA v. FIRST ONE LENDING CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                         Not Present
Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): DEFENDANTS' EX PARTE APPLICATION TO ALLOW EVIDENCE OF THE IDENTIFICATION OF PARTIES AT MEDIATION

     Before the Court is Defendants' Ex Parte Application to Allow Evidence of the Identification of Parties at Mediation (Dkt. 92), along with Plaintiff's Opposition (Dkt. 93). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After consideration of all moving papers, the Court GRANTS Defendants' Ex Parte Application and ALLOWS the presentation of evidence regarding the identification of parties present at the mediation in this matter.

    **I. Background**

     The underlying facts of this case are well-known to the parties and are summarized in previous orders of this Court. *See, e.g.,* Order Denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Preliminary Injunction (Dkt. 41). In brief, Plaintiff Neighborhood Assistance Corporation of America (NACA) is a national non-profit corporation that offers free assistance to homeowners seeking housing counseling and mortgage-related services. Plaintiff brought suit based on allegations that defendant corporation First One Lending and individual defendants John Vescera, Bill Mariner, and Randa El-Farra illegally misled homeowners into believing that First One was affiliated with NACA, then charged homeowners fees for services provided by NACA for free. This Court

granted Plaintiff's Motion for a Preliminary Injunction on May 15, 2012, finding that Plaintiff was likely to prevail on the merits. *See* Order (Dkt. 41). On January 3, 2013, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint adding alter ego claims against Vescera, citing allegations "that individual defendant Vescera was using First One's corporate structure to serve his personal interests and pay his personal debts." *See* Minute Order (Dkt. 78). Bill Mariner was subsequently dismissed as a defendant on January 17, 2013. *See* Not. Of Dismissal (Dkt. 86).

On January 16, 2013, this Court granted Plaintiff a Temporary Restraining Order freezing the assets of defendants John Vescera and First One Lending and issued an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued. *See* TRO (Dkt. 85). The TRO was granted based on depositions and declarations submitted by Plaintiff showing that (1) Vescera had used First One profits to pay his own and his brother's personal expenses; (2) Vescera admitted to shredding nearly all documents in First One's office and destroying 11 office computers after the commencement of this litigation; (3) Vescera failed, at deposition, to identify bank accounts referenced on bank statements provided by First One, and refused to answer any questions about the September 2012 sale of his $3.5 million dollar home; and (4) Vescera and First One had submitted forged or false declarations from "Bill Mariner" to the Court that, among other things, created the impression that Bill Mariner, not Vescera, was the head of First One. *See* Pl's Ex Parte Application for a TRO (Dkt. 83) at 5-12. A hearing on the Court's Order to Show Cause Why a Preliminary Injunction Should Not Be Issued is scheduled for February 4, 2013.

## II. The Present Ex Parte Application

On January 25, 2013, Defendants First One and Vescera submitted this Ex Parte Application seeking permission to submit evidence that Mr. Mariner, at an early mediation in this case, introduced himself to Plaintiff, Plaintiff's Counsel, and all present as "Vice-President of Operations" for First One Lending. *See* Def's Ex Parte App. (Dkt. 92) at 2. Defendants argue that this evidence is relevant to Plaintiff's claim that Vescera and First One misrepresented Mariner's position at the company, and Defendants also argue that this evidence calls into question Mariner's later depositions and declarations in which he denied having made declarations in support of Defendants' initial Motion to Dismiss. *See id.*

While Defendants acknowledge that strict rules exist regarding the confidentiality of the mediation process, they argue that the introduction of evidence that Mr. Mariner introduced himself as "Vice-President of Operations" would not violate the relevant Local Rule. Local Rule 16-15.8 states, in relevant part:

> (a) CONFIDENTIAL TREATMENT - Except as provided in subsection (b) of this local rule, this Court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as "confidential information" the contents of the written mediation statements, any documents prepared for the purpose of, in the

course of, or pursuant to the mediation, anything that happened or was said relating to the subject matter of the case in mediation, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation. "Confidential information" shall not be:

    (1) disclosed to anyone not involved in the litigation;

    (2) disclosed to the assigned judges; or

    (3) used for any purpose, including impeachment, in any pending or future proceeding in this Court or any other forum.

Defendants argue that Mr. Mariner's introduction should not be considered "confidential information" subject to the Rule's strict confidentiality provisions because it is not a "written mediation statement," it is not a "document," and it is not something "that happened or was said *relating to the subject matter of the case*," nor is it a "view on the merits of the case." *See* Def's Ex Parte App. at 4 (emphasis added).

Plaintiff objects to the disclosure of "anything that was said during the mediation," and argues that "[u]nder Section 9.1 of [Central District of California] General Order No. 11-10, statements made during a mediation are confidential and shall not be" disclosed except under limited circumstances (e.g., by stipulation) that do not apply to the present case. Pl's Opp'n (Dkt. 93) at 2. Plaintiff cites to no authority other than General Order No. 11-10, which, upon closer examination, looks awfully familiar:

> 9.1 CONFIDENTIAL TREATMENT - Except as provided in section 9.2 below, this Court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as "confidential information" the contents of the written mediation statements, any documents prepared for the purpose of, in the course of, or pursuant to the mediation, anything that happened or was said relating to the subject matter of the case in mediation, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation. "Confidential information" shall not be:
>
>     (a) disclosed to anyone not involved in the litigation;
>
>     (b) disclosed to the assigned judges; or
>
>     (c) used for any purpose, including impeachment, in any pending or future proceeding in this Court or any other forum.

      While Plaintiff characterizes this General Order as standing for the proposition that "anything that was said during the mediation" is confidential, the Court notes that the actual language of the authority cited is exactly the same as that of Local Rule 16-15.8, and thus "confidential information" only includes "anything that . . . was said *relating to the subject matter of the case in mediation*."

      Here, it is plain to this Court that Mariner's alleged statement introducing himself as "Vice-President of Operations" does not relate to the "subject matter of the case in mediation" (i.e. alleged violations of the Lanham Act), nor would the disclosure of evidence focused solely on this alleged representation threaten the confidentiality of the mediation process.  The fact that Mariner may or may not have introduced himself as "Vice-President of Operations" at First One Lending does not have any bearing on the underlying merits of Plaintiff's claim–particularly in light of the fact that Mariner has been dismissed as a defendant–and it only gains importance as it relates to the extraordinary remedy of a TRO that Plaintiff now seeks to extend and convert into a Preliminary Injunction freezing the assets of John Vescera and First One Lending.

      Accordingly, Defendants' Ex Parte Application is GRANTED to the extent that the Court will allow evidence of Mariner's alleged introduction as "Vice-President of Operations."  Nothing in the Order may be construed as allowing any party to disclose any "confidential information" related to mediation as described by Local Rule 16-15.8, and Defendants will take care to limit their evidentiary submissions to the very narrowly defined subject of Mariner's alleged introduction.

      The Clerk shall serve this minute order on all parties to the action.